CHANCERY.

## Cosby's Heirs *vs* Wickliffe.

ERROR TO THE WASHINGTON CIRCUIT.

*Case* 34.

*Parties in chancery.    Practice in chancery.    Exhibits,*
*proof of.*

October 9.

CHIEF JUSTICE EWING delivered the opinion of the Court.

A chancellor will do equal justice to the creditors of a decedent by a pro rata distribution of assets.

THIS is a proceeding in chancery, instituted by Wickliffe to subject a fund in the hands of the administrator of John Cosby, deceased, to the payment of a debt due to him by D. C. Cosby, deceased, upon the allegation that the fund was payable to the estate of D. C. Cosby, deceased, and was instituted against D. C. Cosby's non-resident infant heirs.

The Chancellor erred in not requiring Bernard Abell to be made a party on his petition.    A Chancellor desires to do equal justice to all the creditors of a decedent, by the rateable distribution of the intestate's funds among them, if there be not enough to pay all.

Where a bill is filed by one creditor to subject assets in the hands of the heir, another creditor on his petition showing that he is such, should be made a party, as he has a right to participate in the distribution of the fund.

An administrator has a right to insist on being made a party to a bill against the heir for the discovery of assets, and their application to the payment of debts.

And if Abell might not be entitled to a preference as a judgment creditor, he at least is entitled to a rateable share of the fund sought to be subjected to the complainant's demand.    But the more especially should he have been admitted a defendant on his second application, upon showing that he had been appointed the administrator of D. C. Cosby, deceased.

The proceeding being against the infant non-resident heirs of D. C. Cosby, to subject a fund in the hands of the administrator of his father, to the payment of a debt asserted against his estate, in favor of the complainant, his legal administrator, the proper representative of the estate and the appropriate party to resist the claims asserted against the estate, should have been brought before the Court, so soon as it was shown that letters of administration had been conferred on him, as well that the estate might be defended by the appropriate representative, from unjust claims that might be asserted against it, as that the administrator might be afforded the opportunity

to set up his own demand and just right, at least to a rateable part of the fund sought to be subjected to the payment of the complainant's demand, exclusively. Though the fund in part was in part the proceeds of land, it had the character of personalty impressed upon it, by the absolute direction of John Cosby's will, to sell and distribute the proceeds among his legatees. The administrator of Susannah Cosby was also a necessary party, and seems not to have been brought before the Court.

It seems that the complainant's exhibits were proved, *viva voce*, before the parties were before the Court, and without notice or rule, and on the hearing the proof was objected to and the objection overruled by the Circuit Court. The practice in England, when a party desires to prove exhibits, *viva voce* in Court, on the hearing, is to procure an order for leave to do so. But to entitle the party to make the proof, a copy of the order must be served on the Clerk of the opposite party, at least two days before the hearing: (1 *Smith's Practice*, 413.) The practice here has been to prove exhibits either at or before the hearing, and there can be no great objection to indulging the proof, as well *before* as *at* the hearing, as witnesses may, with most facility, be procured to attend. But we think notice of the day when the proof will be made, should be given to the opposite party or his counsel. Parties or their attorneys cannot always be expected to be in Court, and it is but reasonable that they or their counsel should be apprised of the day when the proof will be made.

*To authorize the proof of exhibits in chancery by oral evidence, notice of the day when the proof will be offered should be given to the adverse party or his counsel. They may be proved at, or before the hearing.*

In this case the parties not being before the Court at the time when the proof was made, nor having any counsel in attendance, nor notice given to any one, of the intended proof, the proof should have been suppressed. We will not now decide the case upon the merits, as the proper parties were not before the Court.

*Exhibits proved orally before the hearing, cannot be read upon the trial against those who were not parties to the suit at the time the proof was made.*

The decree is reversed and the cause remanded, that further proceedings may be had as indicated in this opinion.

*Kelly* for plaintiffs; *C. A. Wickliffe* for defendant.